IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

vs.                                          CAUSE No.: 3:14-CR-128-HTW-ASH

JUSTIN D. HURST                                              DEFENDANT

## ORDER

Defendant Justin D. Hurst filed a series of three motions, pro se. ECF No. 21–23. The style of these motions evolved—first, as a letter simply asking this Court to "look into [a] matter," ECF No. 21, secondly, as a "petition for a writ [of] habeas corpus," ECF No. 22, and thirdly, as what the parties and this Court construed a motion for compassionate release. Each motion, though, contained a central complaint:

As the Government brought Hurst before this Court, he was under pretrial detention on pending state criminal charges, in jail in Madison County, Mississippi. This Court heard Hurst's guilty plea and later sentenced him. Hurst believed, immediately following this sentencing—after which this Court remanded Hurst to the custody of the United States Marshal service—he should have entered federal detention. Instead, the Marshal service returned Hurst to state custody. Hurst then received state convictions (on drug charges and manslaughter) and began serving a state sentence of over a decade. He "made parole" after 6 years, at which point the Marshal service brought him to begin his federal sentence. He claims this was "not fair;" as this Court sentenced him first, Hurst contends his federal sentence should have started running right away. He sought credit for the time he had served in state detention and asked this Court for immediate release.

This Court received full briefing on, and took up, the question of compassionate release, ultimately denying that remedy (for failure to exhaust administrative remedies) in August 2021. ECF No. 36. In so doing, this Court found the following:

> … Hurst was released from his state convictions on or about April 21, 2020. Thereafter, Hurst was taken into federal custody and began serving his federal sentence of 51 months on April 21, 2020.
>
> Hurst … currently [was] serving his federal sentence at the Federal Correction Institution Beaumont, in Beaumont Texas. [Hurst] ha[d] a projected statutory release date of December 4, 2023.

*Id.* at 2. According to the Bureau of Prisons' database, Hurst left the Bureau's custody in July 2024. Under this Court's judgment of sentence, Hurst was to begin a 3-year term of supervised release upon discharge from imprisonment. ECF No. 19.

Based on this Court's review of the record since Hurst filed his trio of pro se motions (ECF No. 21–23), including Hurst's subsequent communications to this Court and his representation by appointed lawyers in the interim, Hurst apparently abandoned his argument. That said, ECF Nos. 21 and 22 still register as pending motions on this Court's docketing system, so this Court, for clarity of its record, will address Hurst's contention that his treatment was "not fair."

Even though Hurst was sentenced first, federally, his then-pending state charges predated his federal charges. This Court handed Hurst to the custody of the Marshal service after sentencing him, but that did not mean he was sent directly to a federal detention facility. Hurst was in state custody, and, thus, to secure Hurst's attendance at his federal sentencing, this Court granted an order for "writ of habeas corpus ad prosequendum." ECF No. 15. Under that order, the Madison County Jail delivered Hurst to the United Sates Marshal service so that he could be brought before this Court. After "disposition of [those] proceedings," the order required the United States Marshal service to "return [Hurst] to the Madison County Jail." *Id.* at 1–2. Hurst also makes no credible contention that any of his pretrial confinement, or his tenure at the Mississippi State Penitentiary,

went uncredited by the Mississippi Department of Corrections prior to his "mak[ing] parole" and beginning his federal sentence.

Hurst's fact pattern certainly is not new, and federal courts frequently reject arguments like Hurst's. *See, e.g., Fulgencio v. Wells*, No. CV 312-039, 2013 WL 3475329, at *4 (S.D. Ga. July 10, 2013) (adopting a report and recommendation that a habeas petition be dismissed where the petitioner "was incarcerated pursuant to his state sentence and credited by the state with the time he was incarcerated before coming into federal custody" and was therefore "not entitled to credit on his federal sentence for the time he spent in custody prior to that date."); *United States v. Smith*, No. CR. 81-134-1, 1986 WL 12456, at *1 (E.D. Pa. Nov. 4, 1986), *aff'd*, 819 F.2d 1136 (Table) (3d Cir. 1987) (finding that the federal court "was only vested with temporary jurisdiction" when sentencing prisoner for a probation violation under writ of habeas corpus ad prosequendum and rejecting prisoner's "writ of habeas corpus seeking credit on his federal sentence for the time served on his state sentence"); *Maulding v. Rison*, 923 F.2d 862 (9th Cir. 1991) (finding a habeas petitioner's claim under a similar fact pattern "lack[ed] merit").

This Court finds that Hurst has failed to state an actionable habeas claim or motion for relief on the bases complained of in ECF Nos. 21 and 22; therefore, to the extent these have remained active motions or petitions, **DENIES** and **DISMISSES** them.

SO ORDERED AND ADJUDGED this the 14th day of April, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE